E-FILED
Friday, 16 June, 2006  03:07:06 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

__DARD WEILBURG__ )
(Prisoner) )
(Full name under which )
you were convicted) )
)
__R 32180__ )
Prison Number )
)
__TAYLORVILLE CORRECTIONAL CENTER__ )
(Place of Confinement) )
)
vs. )             Docket No. __06-3125__
)                         (To be supplied by Clerk)
__GREGORY SIMS, Warden of the__ )
)
__Taylorville Correctional Center__ )
(Respondent) )
(Name of Warden, Superintendent, Jailor )
or authorized person having custody of )
Petitioner) )
)
and )
)
The Attorney General of the State of )
__ILLINOIS__, Additional Respondent. )

PETITION UNDER 28 U.S.C. SECTION 2254 FOR A
WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

A.  **Instructions** - Read before filling out this form.

   1.  If you are attacking a judgment which imposed a sentence to be served in the **future**, you must fill in the name of the state where the judgment was entered. If you have a sentence to be served in the **future** under a federal judgment which you wish to attack, you should file a motion under Title 28, U.S.C. §2255, in the federal court which entered the judgment.

   2.  **Readable** - The petition may be either typed or handwritten, but it must be readable.

   3.  **One Conviction Per Form** - You can only challenge one criminal conviction in each petition.

(Rev. 4/90)

4. **Signed Under Penalty of Perjury** - The petition must be signed by you "under penalty of perjury". Any false statement of a material fact may serve as a basis for prosecution and conviction for perjury. Your signature does not have to be witnessed by a notary public.

5. **Copies and Proper Court** - All questions must be answered. When the petition is fully answered, the original and two (2) copies must be mailed to the Clerk of the United States District Court for the Southern District of Illinois, whose address is P. O. Box 249, East St. Louis, IL 62202-02491.

6. **Exhaustion** - Before you can sue in federal court for habeas corpus relief, you must first raise every ground you have in State Court, either by direct appeal, state habeas, and/or post-conviction statutes, and appeal as high in the state court system as they will let you go. If you have not done this, you should either do it now, before filing in federal court, or be prepared to explain on the form why you have not exhausted.

7. **All Grounds** - You must include all grounds for relief in this petition and the facts supporting each ground for relief. If you fail to do so, you may be prevented from presenting additional grounds at a later date.

8. **Legal Citations and Arguments** - No citations of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

9. **Fee** - You must either (A) pay the filing fee of $5.00 or (B) if you do not have the money, you may request permission to proceed in forma pauperis, in which event you must complete and sign the motion and affidavit supplied by the clerk's office and have an authorized officer at the penal institution complete and sign the attached certificate.

10. **Grounds Frequently Raised** - For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter is a separate ground for possible relief. YOU MAY RAISE ANY ADDITIONAL GROUND(S). However, you should raise in this Petition all available grounds (relating to this conviction( on which you based your allegations that you are being held in custody unlawfully.

    Do **not** check any of the listed grounds. If you select one or more of these grounds for relief or any other ground(s), you must allege **FACTS**. The Petition may be returned to you if you merely check the ground(s) listed below.

    a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and consequences of the plea.

    b) Conviction obtained by used of coerced confession.

    c) Conviction obtained by use of evidence gained pursuant to an unlawful arrest.

- 2 -

(Rev. 4/90)

d) Conviction obtained by a violation of the privilege against self-incrimination.

e) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

f) Conviction obtained by a violation of the protection against double jeopardy.

g) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

h) Denial of effective assistance of counsel.

i) Denial of right of appeal.

## PETITION

1. **Court:** a) Name and location of Court which you were convicted:

    Winnebago County Court, 17th Judicial Circuit
    400 W. State St.
    Rockford, Illinois 61101

2. **Judge:** a) Sentencing Judge Michael Morrison

3. **Date:** a) What was the date of your conviction? August 29, 1997

4. **Crime:** a) For what crime(s) were you convicted in the case you attack with this petition? Theft over 10,000.00 a class 2 Felony

    b) Were you sentenced on more than one count of an indictment, or on more than one indictment in the same court at the same time?
    Yes ( )    No (X)

    If your answer to 4(b) was "yes", explain: N/A

5. **Lawyer:** Who was your lawyer?
    a) At preliminary hearing None
    b) At arraignment and plea Public Defender
    c) At trial Francis Martinez

- 3 -

(Rev. 4/90)

        d)     At sentencing  None (sentenced in absentia)

        e)     On direct appeal  Pro Se

        f)     In any post-conviction proceeding  None

        g)     On appeal from any adverse ruling in a post-conviction proceedings  None

6. **Plea:**    a)    What was your plea? (Check one)
   - **X** Not Guilty
   - ___ Guilty
   - ___ Nolo Contendere

        b)    If you pleaded guilty to one count or indictment, and pleaded not guilty or nolo contendere to another, give details: N/A

7. **Sentence:**    What was the length and term(s) of your sentence?  Seven Years

8. **Trial:**    a)    What kind of trial?
   - **X** Jury    ___ Judge without a jury

        b)    Did you testify at the trial?  ___ Yes  **X** No

9. **Appeal(s):**    a)    Did you appeal your criminal conviction?  **X** Yes  ___ No

        b)    If you did appeal, answer the following:

Name and location of Court  2nd Judicial District Appellate Court  55 Symphony Way, Elgin, IL. 60120
Result  Appeal Dismissed
Date of Opinion  No Opinion
Citation of court opinion (if known)  None

Grounds raised on direct appeal (1) Speedy Trial Violation  Petitioner made an Oral demand for Speedy Trial on 11-29-1994. He made a written demand for Speedy trial on December 23, 1994. He was released on a $50K recognizance bond on January 5, 1995. His appointed counsel (Gregory Clark) made an oral demand for Speedy Trial on January 31, 1996. He wasn't taken to trial until August 25, 1997. (2) Juror Failed to divulge that he worked with Petitioner at Mattison Technologies Inc. for 6 mth. (3) State prompted witness to inform Jury Petitioner had been in Prison previously. (4) State witness could not identify Petitioner dury examination, spent evening with prosecutor, came back next day and identified photo of Petitioner, but not the Petitioner. (5) State withheld exculpatory evidence. (6) Ineffective Assistance of Counsel (7) Court allowed (6) Fictictiously addressed invoices into evidence to prove amount. (8) Court held bond Forfeture hearing and Sentencing hearing in absentia and with no attorney to represent Petitioner. (9) no Warrant

- 4 -

(Rev. 4/90)

    c)     Did your appeal the result to the highest state court having jurisdiction? __X__ Yes ____ No

If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) (94-CF 2420) The 2nd Judicial District Appellate Court - Appeal No 2-04-1240, dismissed the Appeal on December 21, 2005. Petitioner moved for reconsideration on December 22, 2005. That court denied the Motion For Reconsideration on January 26, 2006.

The Petitioner filed for leave to Appeal to the Illinois Supreme Court on February 2, 2006, that court denied his Petition for leave to Appeal on May 24, 2006.

    d)     If you did not appeal, explain briefly why you did not __N/A__

    e)     Did you seek permission to file a late appeal? ____ Yes __X__ No

10. **Post Conviction Collateral Proceeding(s):**

    a)     Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal: ____ Yes __X__ No

    b)     If your answer to 10(a) was "Yes", give the following information:

A.     First petition, application or motion.

    1)     Name of Court __N/A__

    2)     Nature of Proceeding __N/A__

    3)     Ground(s) Raised __N/A__

(Rev. 4/90)

```
_____
_____N/A_____
_____
_____
_____
```

4) Did you receive an evidentiary hearing on your petition, application or motion?  ___ Yes   ___ No

5) Result_____N/A_____

6) Date of Result_____N/A_____

7) Did you appeal the result to the highest state court having jurisdiction?  ___ Yes   ___ No

If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)_____N/A_____
_____
_____
_____

8) If you did not appeal, briefly explain why you did not___N/A____
_____
_____

B. As to any second petition, application or motion, give the following information:

1) Name of Court_____N/A_____
_____

2) Nature of Proceeding_____N/A_____
_____
_____

3) Ground(s) Raised_____N/A_____
_____
_____
_____

(Rev. 4/90)

4) Did you receive an evidentiary hearing on your petition, application or motion? ___ Yes ___ No

5) Result_____ N/A

6) Date of Result_____ N/A

7) Did you appeal the result to the highest state court having jurisdiction? ___ Yes ___ No

If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)_____ N/A

8) If you did not appeal, briefly explain why you did not_____ N/A

C. As to any third petition, application or motion, give the following information:

1) Name of Court_____ N/A

2) Nature of Proceeding_____ N/A

3) Ground(s) Raised_____ N/A

4) Did you receive an evidentiary hearing on your petition, application or motion? ___ Yes ___ No

5) Result_____ N/A

6) Date of Result_____ N/A

(Rev. 4/90)

7) Did you appeal the result to the highest state court having jurisdiction?

If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) N/A

8) If you did not appeal, briefly explain why you did not N/A

11. **Other Remedies:**

Describe all other procedures, such as administrative remedies, you have used to exhaust your state remedies.

12. **Ground(s) for Federal Habeas Corpus:**

State in the following paragraph(s) every ground or reason you claim your conviction is improper or unlawful.

A. First Ground

1) My conviction violates the constitution or laws of the United States for this reason: Speedy Trial Violation - The Petitioner made an oral demand for a Speedy trial on November 29, 1994. He then made a written demand for a Speedy trial on December 23, 1994. Two weeks later he was released on a $50K recognizance bond on January 5, 1995. On January 31, 1996, appointed Counsel, Gregory Clark, made another oral demand for a Speedy trial. However, counsel failed to file a written demand and the State didn't bring this Petitioner to trial until August 25, 1997.

2) I have already raised this claim in state court.

Direct Appeal:          X  Yes    ___ No
State Habeas Corpus:    ___ Yes   ___ No
State Supreme Court:    X  Yes    ___ No
Other:                  ___ Yes   ___ No

Explain: The Appellate Courts of Illinois didn't want to look into my case because I was pro se.

(Rev. 4/90)

B. Second Ground

1) My conviction violates the constitution or laws of the United States for this reason: Juror List Number 118, Sequence 193, John Murray failed to divulge that he worked with the Petitioner for (6) months at Mattison Technologies Inc. a now defunct Rockford, IL. Company. However, the Petitioner did inform his trial attorney that Juror Murray worked with him. Attorney Francis Martinez even admitted that Petitioner informed him of the association. Attorney Francis Martinez was laxed in not pre-empting the Juror, he admitted to the Judge that Petitioner told him of the association during voir dire. The Court refused to call the Juror back to voir dire him as to why he withheld the association with the Petitioner. Attorney Francis Martinez told this petitioner not to say he knew the Juror unless the Court asked him.

2) I have already raised this claim in state court.

Direct Appeal: __X__ Yes ___ No
State Habeas Corpus: ___ Yes ___ No
State Supreme Court: __X__ Yes ___ No
Other: ___ Yes ___ No

Explain: I raised this issue all the way to the Illinois Supreme Court. The Supreme Court wouldn't even look at my appeal, because I was not an attorney.

C. Third Ground

1) My conviction violates the constitution or laws of the United States for this reason: The State prompted it's First Witness to inform the Jury that Petitioner had previously been in prison. Question: "Jesenia, Back then when the defendant was working Maintenance for your mother, what line of work was he in besides maintenance? Was there anything else... that you were of?" Answer: "From what I understand, he had recently been released from prison." The witness used the present tense word 'Understand' instead of the past tense word 'Understood'. The Court refused to grant a mistrial. The witness was clearly prompted by the State.

2) I have already raised this claim in state court.

Direct Appeal: __X__ Yes ___ No
State Habeas Corpus: ___ Yes ___ No
State Supreme Court: __X__ Yes ___ No
Other: ___ Yes ___ No

Explain: No opinion by any appellate Court because I was not an attorney.

- 9 -

(Rev. 4/90)

D. Fourth Ground

1.) My conviction violates the Constitution or laws of the United States for this reason: State Witness Lonnie Cochran could not identify Petitioner in open court as the man who pawned 'scrap jewelry' at his store. However, after adjourning the proceedings for the day, after looking at the Petitioner during examination, Mr. Cochran spent the evening with the prosecutor. The next day, the state recalled Mr. Cochran to the stand. Mr. Cochran was allowed to change his testimony and while he could not identify Petitioner in person, He was allowed to identify a photo of the petitioner.

2.) I have already raised this claim in State Court.

Direct Appeal — yes

State Supreme Court — yes

Explain: They wouldn't even give me an opinion!

E. Fifth Ground

1.) My conviction violates the Constitution or laws of the United States for this reason: The State withheld exculpatory evidence that another suspect existed. Jesenia Negron and her mother, Noemi Negron stole the entire inventory from the jewelry store. Noemi Negron was never charged and absconded to Costa Rica with the proceeds of the store and her paramour, Jesenia Negron worked at the store. Petitioner discovered from the victim's statement to the pre-sentence investigator that: "When asked what she would like the court to impose for a punishment on the defendant, Ms. Barriga stated she believes the wrong person was convicted. She believes the mother and daughter were responsible, along with another employee who took his lunch earlier than he normally did..." The Petitioner wasn't aware of this until June 29, 2005.

-10-

This exculpatory evidence was vital to the defense. It went to reasonable doubt. The question will never be answered: "Was the paramour of Noemi Negron who she absconded to Costa Rico with, the employee?" Surely, if Norma Barriga, the proprietor of the Jewelry Store, told the presentence investigator, Mr. Steven Smith, that she suspected another employee. She told the Police. The Police and/or the State withheld that information. Petitioner is innocent of the charge.

    2.) I have already raised this claim in State Court.
        Direct Appeal - yes
        State Supreme Court - yes

F. Sixth Ground
    1.) My conviction violates the Constitution or laws of the United States for this reason: Court appointed Counsel Gregory Clark was ineffective at securing Petitioner's due process right to a speedy trial. Court appointed trial Counsel Francis Martinez was ineffective for not pre-empting Juror John Murray during voir dire because of working with the Petitioner. Also, Mr. Martinez was ineffective when he allowed (6) invoices, addressed to a street that doesn't even exist in Rockford Illinois, to go into evidence and to the jury. Even the judge noticed the discrepency and he was silent.

    2.) I have already raised this claim in State Court.
        Direct Appeal - yes
        State Supreme Court - yes

G. Seventh Ground
    1.) My conviction violates the Constitution or laws of the United States for this Reason: The trial Court looked the other way when allowing the (6) invoices that

-11-

were ficticiously addressed to: (Norma's Jewelry, 527 W. Main, Rockford, IL. when the Jewelry Store was located at 224 N. Main, Rockford, IL.. There is no West Main Street in the City of Rockford, IL.) into evidence. The Judge admitted he noticed the discrepency and still allowed the jury to have the documents. The trial Court refused to hold an evidentiary hearing to Voir Dire Juror John Murray as to why he withheld his association with Petitioner.

2.) I have already raised this claim in State Court.
Direct Appeal - Yes
State Supreme Court - Yes

H. Eighth Ground

1.) My Sentence, violates the Constitution or laws of the United States for this reason: The trial Court, on September 3, 1999, scheduled a sentencing hearing for September 30, 1999. When the trial Court asked the Petitioner if he wanted an attorney to represent him and whether he could afford one, the Petitioner responded yes. The trial Court had just rejected all the foregoing grounds and denied all post-trial motions. This Petitioner could not afford an attorney and with the ineffective past performances of Court appointed attorneys, he mailed a Motion/Notice/Pleading to the Court on September 30, 1999, informing the Court that he was Vacating the Jurisdiction. The Court never ruled upon the pleading and the State never responded. On September 30, 1999, the Court ordered the Clerk to serve notices to Petitioner of the bond forfeiture hearing for November 18, 1999, and sentencing hearing <u>in absentia</u> for November 19, 1999. On June 11, 1999 Petitioner provided his address to the Court, the Clerk and the State as P.O. Box #3132, Rockford, IL. 61106. Yet, if the Clerk sent the notices, they sent the notices to the wrong address.

On November 18, 1999, the Clerk provided that they sent notices to Petitioner

—12—

at his last Know address located at 1227 17th Ave.. The state claimed they sent the Police to 1227 17th Ave. This Petitioner hadn't lived at that address for over (2) years. Every Pleading submitted to the Court had P.O. Box # 3132, Rockford, IL. as a return address, including but not limited to, the September 30, 1999 Pleading. The Court held the bond Forfeiture hearing without the Petitioner and without defense Counsel, on November 18, 1999. The following day, on November 19, 1999, the Court Sentenced this Petitioner to the (7) year maximum sentence imposed by law, again without the Petitioner and without counsel. Even the State of Illinois own statute prevents the Court from holding either a trial or sentencing without either appointed or retained counsel, in absentia 720 ILCS 5/5-115-4.1(a).

Even after sentencing this Petitioner to the maximum term under law of (7) years in prison, the court, to this day, has never issued a written arrest warrant in this matter. After this Petitioner had been returned to Illinois from Arizona. Petitioner moved the court for a new trial or new sentencing pursuant to 720 ILCS 5/5-115-4.1(e) the court denied the motion and the Appellate Courts refused to allow Petitioner's right to appeal, 720 ILCS 5/5-115-4.1(g). The State of Illinois refuses to follow it's own statutory laws and the constitutional laws of the United States.

2.) I have already raised this claim in state court.
        Direct Appeal — yes
        State Supreme Court — yes

D. Ninth Ground

1) My conviction violates the constitution or laws of the United States for this reason: The court never issued an arrest warrant. Naturally, when the Police didn't come to arrest this Petitioner at his last known address and that Petitioner never received any notices of any hearings held after September 30, 1999, Petitioner assumed the court agreed with his September 30, 1999, pleading. It should be noted this Petitioner left the Jurisdiction (8) months later. It took the State until December 13, 2000, (15 months) after the September 30, 1999 date and (13) months after the unlawful bond forfeiture hearing to seek an indictment for the additional charge of violation of Bail Bond.

2) I have already raised this claim in state court.

Direct Appeal: __X__ Yes  ____ No
State Habeas Corpus: ____ Yes  ____ No
State Supreme Court: __X__ Yes  ____ No
Other: ____ Yes  ____ No

Explain: The Appellate Courts of this state took an antagonistic position towards this Petitioner because of what the ASA's did in this case, and the Bond Violation case.

13. If any of the grounds listed in 12A, B, C or D were not previously presented in any court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them: N/A

14. Do you have any petition or appeal now pending in court, either state or federal, regarding the conviction under attack? ____ Yes  __X__ No

If your answer to 14 was "Yes", give the name of the Court and nature of proceeding: N/A

**FUTURE SENTENCE**

Do you have any future sentence to serve after you complete the sentence imposed by the conviction under attack? __X__ Yes  ____ No

a) If "yes", give name and location of court which imposed sentence to be served in the future: Winnebago County court for Violation of Bail Bond. Currently on Appeal to the ILL. Supreme Court. (00-CF-3124) That court will deny leave to appeal,

-14-

(Rev. 4/90)

b) Give date and length of sentence to be served in the future: On August 6, 2004 the Court sentenced Petitioner to 30 mths. consecutive to the (1) year term in this matter.

c) Have you filed, or do you contemplate filing, any petition attacking the conviction which imposed the sentence to be served in the future?  X  Yes  ___ No

## REQUEST FOR RELIEF

State here exactly what you want the court to do:

Reverse the conviction and dismiss this case or remand for a new trial. The right to a speedy trial was violated, the right to a fair trial was denied by his own counsel, and the right to appeal was denied. The State withheld exculpatory evidence and denied due process.

_____ (Signature of lawyer, if any)

June 1, 2006
Date

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, declare (or certify, verify, or state) under penalty of perjury, that I am the petitioner in the above action, that I have read the above petition and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Signed this 1st day of June, 2006.

_____
Signature of Petitioner

- 15 -

(Rev. 4/90)

102158

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

May 24, 2006

Mr. Daro C. Weilburg
Reg. No. R-32180
P. O. Box 900
Taylorville, IL 62568

No. 102158 - People State of Illinois, respondent, v. Daro C. Weilburg, petitioner. Leave to appeal, Appellate Court, Second District.

The Supreme Court today DENIED the petition for leave to appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court on June 15, 2006.