# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### CENTRAL DIVISION

| | |
|---|---|
| DARO WEILBURG, Petitioner, v. GREGORY SIMS, et al., Respondents. | Docket No. 6-CV-03125-RM |

FILED
AUG 25 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## MOTION FOR SUMMARY JUDGMENT

**NOW COMES** the Petitioner, DARO WEILBURG, in pro per and hereby moves this Honorable Court pursuant to Federal Rules of Civil Procedure, Rule 56(e) to grant Summary Judgment in the above captioned matter for the reasons set forth below. In support thereof Petitioner states:

1. He is a prisoner of the Illinois Department of Corrections located at the Taylorville Correctional Center.

2. On or about June 1, 2006, Petitioner filed his Petition for Writ of Habeas Corpus, 28 U.S.C. Section 2254.

3. On or about June 13, 2006, Petitioner filed his Memorandum in Support of his Petition for Writ of Habeas Corpus.

4. On July 28, 2006, this Honorable Court ordered the Attorney General for the State of Illinois to answer the Petition pursuant to Rule 5, of the Rules Governing 28 U.S.C. Section 2254 cases by September 15, 2006.

5. On August 14, 2006, the Assistant Attorney General filed her notice of appearance and a request for an extension of time to respond until October 20, 2006, this court granted that request promptly on the same day.

6. The Respondent is fully aware that Petitioner will be released on September 26, 2006, to begin serving an unlawfully imposed mandatory supervised release sentence in addition to the sentence imposed by the court. Further, that Petitioner will be serving that sentence in Arizona, thus the motivation for the requested extension.

7. Petitioner narrows the numerous constitutional violations contained in his Petition for Writ of Habeas Corpus and supported by documentation within Petitioner's memorandum in support, to three arguments for the purpose of this Motion for Summary Judgment, F.R.CV.P Rule 56(c).

8. For his first argument, Petitioner presents that he informed his trial counsel the he (Petitioner) knew and worked with Juror John Murray; that his trial counsel was ineffective for not pre-empting the juror; that the juror withheld that he knew Petitioner and that the trial court was in error for not holding a post-trial evidentiary hearing to <u>voir dire</u> the juror as to his motivation for withholding his association with Petitioner. Violation of due process. (P. Mem. Appdx D, E)

9. For his second argument, Petitioner presents that his trial counsel was ineffective for allowing the (6) ficticiously addressed invoices to support the alleged amount as being in excess of $10K; and that the court erred by accepting the bogus business records into evidence, as the court acknowledge that it was aware of the ficticious address before accepting the invoices into evidence. (P. Mem. Appdx J)

-2-

10. For his third and final argument in support of this pleading, Petitioner presents that the sentencing court clearly violated his 6th U.S. Constitutional Amendment right to counsel when conducting the bond forfeiture hearing <u>in absentia</u> on November 18, 1999 and the sentencing <u>in absentia</u> hearing held on November 19, 1999, without notice in violation of 725 ILCS 5/5-115-4.1(a) and more importantly, without counsel to represent the Petitioner. (P. Mem. Appdx M, N)

11. There is no genuine issue as to any material fact and Petitioner is entitled to summary judgment as a matter of constitutional law: ineffective trial counsel, failure of the trial court to provide petitioner a fair and impartial trial regarding the bogus invoices and it's failure to hold an evidentiary hearing, post-trial to <u>voir dire</u> juror John Murray as to why he failed to divulge that he knew and worked with Petitioner; and the failure of the court to provide counsel for Petitioner during the bond forfeiture hearing held on November 18, 1999, and the sentencing hearing held on November 19, 1999.

12. Any of the issues presented would prompt consideration to issue an order releasing this petitioner. Collectively, these issues present an obstacle that is undeniable. The State sentenced Petitioner without counsel, <u>Gideon v. Wainwright</u>. Before that violation, the State refused Petitioner the substantive right to a fair and impartial trial, <u>Bruton v. U.S.</u> and, counsel for this Petitioner were extremely ineffective, <u>Strickland v. Washington</u>.

**WHEREFORE** Petitioner respectfully requests this Honorable Court to grant his motion for Summary Judgment based on the magnitude of the numerous violations of Petitioners Constitutional Rights which are clearly documented and substantiated, the deprivations of fundamental fairness and the

-3-

flagrant denials of equal protections of the law that ran rampant in this case over the last (12) years. Further, that this court order the respondents to pay all costs and other fees this court deems just, proper and equitable under the circumstances. As a matter of law Petitioner is entitled to have this unlawful conviction and sentence overturned and dismissed. <u>Ex parte</u> hearings/sentences are unlawful, in any court, except in Illinois, in this case.

Date: August 21, 2006                        by <u>Daro Weelbry</u>
                                             In Propria Personam

## AFFIDAVIT OF AFFIRMATION UNDER PENALTY OF PERJURY

I, DARO WEILBURG, affiant, do hereby declare and affirm under penalty of perjury as defined in 735 ILCS 5/1-109 that everything contained herein is true and accurate to the best of my knowledge and belief. I further declare and affirm that the contents of the foregoing documents are known to me and are accurate to the best of my knowledge and belief. Finally, I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 21st day of August, 2006.

_____
Affiant

IN THE
U.S. DISTRICT COURT FOR THE NORTHERN
DISTRICT, CENTRAL DIVISION

DARO WELLBURG,
   PETITIONER- PLAINTIFF,

v.

CASE NO. 06-CV-3125

GREGORY SIMS,
   RESPONDENT- DEFENDANT

PROOF/CERTIFICATE OF SERVICE

TO: CLERK OF THE COURT (original and one copy)
U.S. District Court
600 E. Monroe St
Springfield, IL. 62701

TO: Colleen M. Griffin
Assistant Attorney General
100 W. Randolph St. / 12th Floor
Chicago, IL. 60601

**PLEASE TAKE NOTICE** that on August 21, 2006, I have placed the attached document(s) in the institutional mail at Taylorville C.C. properly addressed to the parties listed above for mailing through the United States Postal Service at: Motion For Summary Judgment

I swear that I mailed the attached document(s) as above addressed under penalty of law.

So Sworn,
Daro Wellburg
PRO SE, # R32180
P.O. Box 900,
TAYLORVILLE IL, 62568.