ORIGINAL

FILED
OCT 20 2006
JOHN M. WATERS, Clerk
U S DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARO WEILBURG,** | ) |
| Petitioner, | ) Case No. 06-3125 |
| Vs. | ) (Hon. Richard Mills) |
| **GREGORY SIMS,** Warden, | ) |
| Respondent. | ) |

**MOTION TO STRIKE RESPONDENT'S ANSWER TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS FOR MISSTATEMENT OF MATERIAL FACTS AND MISREPRESENTATIONS OF COURT PROCEEDINGS THAT TRANSPIRED IN THE U. S. DISTRICT COURT, FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION AND WITHIN THE U. S. COURT OF APPEALS FOR THE 7TH CIRCUIT**

**NOW COMES** the Petitioner, **DARO WEILBURG**, in *pro per* and hereby moves this Honorable Court to Strike the Respondent's Answer to the Petition for Writ of Habeas Corpus for the reason that the Answer is laced with misstatements of material facts and misrepresentations of Court pleadings and proceedings that transpired within the U.S. District court, Northern District, Western Division as well as the 7th Circuit U. S. Court of Appeals and the State of Illinois Courts. For the reason set forth below:

1. The footnote to Respondent's Answer depicts that Petitioner has absconded the State of Illinois in an

attempt to prejudice Petitioner before this court. The Petitioner has not left the State of Illinois.

2.  Petitioner did not challenge the Violation of Bail Bond Conviction in the U.S. District Court, Northern District, Western Division, in the matter of *Weilburg v. Sims,* No. 03-50451, 7th Circuit Court of Appeals No. 05-1103 As falsely presented by the Respondents. The pleadings in the U.S. District Court for the Northern District, Western Division and the 7th Circuit Court of Appeals were related to Extradition and Interstate Agreement on Detainers, and not to the conviction as intentionally misstated by counsel for the purpose of prejudicing the Petitioner with this court. Counsel for the Respondent was the same counsel who represented the Respondent in those matters. And, knows better.

3.  The Petitioner did not file a late notice of appeal in the Theft Conviction, *People v. Weilburg,* No. 94-CF-2420, appeal No. 2-97-1073. Nor was he required to file any notice of appeal in 1997 because the sentencing phase of the case was not formalized until November 19. 1999, the sentencing hearing was held *in absentia*, and without counsel. The Petitioner was not informed of his appeal rights after the conviction on August 29, 1997 in 94-CF-2420 pursuant to Supreme Court Rule 605, and Supreme Court

Rule 606. Nor was he informed of his appeal rights at the sentencing *in absentia*, because neither he nor his attorney were in attendance at that hearing. Therefore the time for appeal tolled.

    4. Counsel for the Respondent creates a muse with fictitious interpretations of what transpired in the U. S. District Court in Rockford, IL., as well as what went on in the U. S. Court of Appeals for the 7th Circuit. (Re.Ex. F)

    5. In regards the Appeal filed in 94-CF-2420, No. 2-03-1089, Petitioner was in the Yavapai County Jail in Prescott, AZ. At the time he filed that appeal. He had not yet formulated his Motion to Vacate Judgment and Sentence Pursuant to **725 ILCS 5/115-4.1(a)**. The wrong remedy is not fatal. (Re.Ans.Ex. G)

    5. The Petitioner did perfect an appeal of the theft conviction pursuant to 725 ILCS 5/-115-4.1(e)(g) Which provides: **"e) When a defendant who in his absence has been either convicted or sentenced or both convicted and sentenced appears before the court, he must be granted a new trial or new sentencing hearing if the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control. A hearing with notice to the State's Attorney**

on the defendant's request for a new trial or a new sentencing hearing must be held before any such request may be granted. At any such hearing both the defendant and the State may present evidence."

"(g) A defendant whose motion under paragraph (e) for a new trial or new sentencing hearing has been denied may file a notice of appeal therefrom. Such notice may also include a request for review of the judgment and sentence not vacated by the trial court.
(Source: P.A. 90-787, eff. 8-14-98.)

6. Petitioner was granted to file the Motion to vacate Judgment of conviction and sentence pursuant to **725 ILCS 5/115-4.1(e)** with the Circuit Court, However, he was denied the right to appeal the adverse decision of the Circuit Court to the Appellate Court pursuant to **Section 115-4.1(g) of the Code.**

7. Interestingly, **Section 115-4.1(a)** of the Code also provides: "**…All procedural rights guaranteed by the United States Constitution, Constitution of the State of Illinois, statutes of the State of Illinois, and rules of court shall apply to the proceedings the same as if the defendant were present in court and had not either forfeited his bail bond or escaped from custody.**" This portion of the statute

4

escapes the cognizance of the State of Illinois Appellate Courts. Those Courts allowed the Circuit Court to sentence the Petitioner, *in absentia* and with no Attorney to represent him at either the Bond Forfeiture Hearing held on 18 November 1999 or the sentencing hearing held on 19 November 1999, in 94-CF-2420.

8. These issues were raised in the Illinois Appellate Court, **No. 2-04-1240** and the Illinois Supreme Court **No.102158**, pursuant to **725 ILCS 5/115-4.1(g)** And, those Courts denied the Petitioner the right to appeal. The Respondents have intentionally skirted around Section 5/115-4.1 of the code, understandably so, because that Statute doesn't meet their regimen.

9. Due Process of the Law and Equal Protection of the Law are only words in a book to the Respondents, unless those words serve to convict they do not want to read them, much less hear them.

10. The Circuit Court denied the Petitioner's 6th. U.S. Const. Amend. Right to counsel at the Bond Forfeiture Hearing held on 18 November 1999 *in absentia*, and at the Sentencing Hearing held on 19 November 1999 *in absentia*, and both hearings were held without counsel in violation of State Law and now Respondents want this court to deny Petitioner the Right to Habeas Corpus Relief in violation

of the Habeas Corpus Law and use false insinuation, innuendo, and caustic language to convince this Court to Dismiss this cause.

10. The Respondents want this Court to believe that Petitioner absconded from the State of Illinois to the State of Arizona. The respondents and their agents have prevented this Petitioner from going home to be with his wife and family. Thus, originally imprisoning him within the Salvation Army Homeless Shelter and now, having him imprisoned within a Motel 6 in Rockford, Illinois.

11. Other misstatements of facts occur within the Respondents Answer on page 7, wherein Counsel provides: "Petitioner,s conviction in this case became final on October 30, 1999 after he was sentenced *in absentia,* [and without counsel]. Petitioner did not appeal from his September 30, 1999, judgment of conviction, but is afforded 30 days within which he could have filed his notice of Appeal. **ILCS S.Ct. Rule 606(b)** Therefore, the time for seeking direct review expired. (**Title 28 U.S.C. Section 2244(d)(1)(A)**. Thus, his habeas petition was due October 30, 2000. The petition filed on June 1, 2006, is almost 6 years late."

12. According to state law, the judgment of conviction

6

did not become final until the absent defendant is given the opportunity to file his Motion to vacate the Judgment of Conviction and or the Sentence **725 ILCS 5-115-4.1(a)(e)(g)** and, even if the Respondents were correct in their interpretation of the Habeas Statute. The Antiterrorism and Effective Death Penalty Act (AEDPA) Did not become effective until April 24, 1996 under Section 2244(d), Petitioner's case stems from 1994, at the alleged commission of the Theft, therefore, application of the ADEPDA would be barred in this cause by *expost facto*.

13. Furthermore, Petitioner was not sentenced *in absentia* on October 30, 1999 as portrayed by the Respondents. He was sentenced *in absentia* on November 19, 1999, and that hearing must be rendered void *ab initio* because Petitioner was not present and neither was counsel because the sentencing Court failed to appoint Counsel to represent Petitioner pursuant to the 6th U.S. Const. Amend. and **725 ILCS 5/115-4.1(a)**.

14. Petitioner filed his appeal in State Court within 30 days after the final judgment/sentence became affective on his Motion to Vacate Judgment of Conviction and Sentence. He then filed a timely PLA to the Illinois Supreme Court and now seeks Habeas Corpus in this Court.

7

15. Petitioner has not Procedurally Defaulted and any defaults in this matter must be attributed to the State for not securing Petitioner's 6th Const. Amend. Right to Counsel when holding a bail bond forfeiture hearing on 18 November 1999 and subsequently sentencing him on 19 November 1999, *in absentia.*

16. Petitioner has presented numerous valid claims of prejudice, Due Process of Law violations, and denial of fundamental fairness that run rampant throughout this case at bar on the State level, these violations reach a Constitutional magnitude and are cognizant under **Title 28 U.S.C. Section 2254.**

17. This Court must not avert it's eyes from that which is clearly before it.  The sentencing phase of any criminal proceeding is as equally protected under the Due Process of Law Clause and Right to Counsel Clause of the U. S. Constitution as any trial. The State of Illinois violated it's own Statute: **725 ILCS 5/115-4.1(a)** which reads in pertinent part:  "…The absent Defendant must be represented by either retained or appointed counsel…" And more importantly, the State of Illinois violated this Petitioner's Right to Counsel.

18. The Right to Appeal under ILCS Supreme Court Rule 605 was never given to this Petitioner at either the trial,

held on August 29, 1997, or the Sentencing *in absentia* hearing held on 19 November 1999. Therefore there is no time bar or limitation to appeal. The State cannot now claim that Petitioner received his right to appeal when they failed to appoint counsel. All the Sentencing Court had to do was say: "Mr./Ms. Public Defender, you now represent the Defendant for the purpose of this hearing." That would have been no more difficult than holding the bond forfeiture hearing *in absentia* and would have adhered to the Law and Constitutional Rights of the Petitioner during the Sentencing Hearing.

**WHEREFORE**, Petitioner respectfully requests this Honorable Court to Strike the Respondents Answer as it is laced with fictitious information, insinuations, innuendos as a matter of law Petitioner is entitled to the relief he seeks.

**RESPECTFULLY SUBMITTED,**

**DATE** October 18, 2006        By: *Daro Weilburg*
                                      In Propria Personam

Daro Weilburg
14812 N. Caliente Dr.
Fountain Hills, AZ. 85268

9

## AFFIDAVIT OF AFFIRMATION UNDER PENALTY OF PERJURY

I, **DARO WEILBURG**, affiant, do hereby declare and affirm under penalty of perjury as defined in **735 ILCS 5/1-109** that everything contained herein is true and accurate to the best of my knowledge, except as to those things stated upon my belief, and as to those matters I believe them to be true. I further declare that the foregoing documents are known to me to be true and accurate to the best of my knowledge and belief. Finally, I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed this 17th day of October, 2006

By: _Daro Weilburg_
AFFIANT

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT

| | |
|---|---|
| DARO WEILBURG, ) | |
| ) | |
| Petitioner, ) | Case No. <u>6-3125</u> |
| ) | |
| Vs. ) | (Hon. Richard Mills) |
| ) | |
| GREGORY SIMS, et al., ) | |
| ) | |
| Respondents. ) | |

## PROOF/CERTIFICATE OF SERVICE

TO: CLERK OF THE COURT
151 Federal Court Building
600 E. Monroe St.
Springfield, IL. 62701

TO: Colleen M. Griffin
Asst. Atty. Gen.
100 W. Randolph/$12^{th}$Fl
Chicago, IL. 60601

**PLEASE TAKE NOTICE** that on <u>October 17,</u> 2006 I have placed the following documents in the U. S. Mail at Rockford, Illinois properly addressed to the parties listed above for mailing through the U.S. Postal Service:

**MOTION TO STRIKE RESPONDENT'S ANSWER TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS FOR MISSTATEMENT OF MATERIAL FACTS AND MISREPRESENTATIONS OF COURT PROCEEDINGS THAT TRANSPIRED IN THE U.S. DISTRICT COURT, FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION AND WITHIN THE U.S. COURT OF APPEALS FOR THE 7TH CIRCUIT**

I swear that I mailed the attached document(s) as above described and addressed under penalty of law.

So Sworn:

*Daro Weilburg*
Daro Weilburg
In Propria Personam
14812 N. Caliente Dr.
Fountain Hills, AZ. 85268

2.