IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DARO WEILBURG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 06-3125 |
| | ) |
| JESSE MONTGOMERY,[1] | ) |
| | ) |
| Respondent. | ) |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Court's direction, the Attorney General of Illinois has filed an answer to the Petitioner's petition for a writ of habeas corpus. Upon review of the

---

[1] Gregory Sims, the Warden at the facility where the Petitioner was previously incarcerated, was initially named as the Respondent in this action. The Petitioner has been released from prison and is currently serving a term of mandatory supervised release. Jesse Montgomery, the Deputy Director of the Parole Division for the Illinois Department of Corrections, is therefore now the proper Respondent in this action. Accordingly, Mr. Montgomery is hereby substituted as the Respondent in this habeas action. See Fed. R. Civ. P. 25(d)(1); see also Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996) (observing that if the petitioner is on parole, the proper respondent is the parole board or its equivalent).

1

petition, the Court concludes that an evidentiary hearing is not warranted.

## I. BACKGROUND

On August 29, 1997, following a jury trial, Petitioner Daro Weilburg was convicted in the Circuit Court of Winnebago County of the offense of theft of over $10,000.00. The Petitioner failed to appear for his September 30, 1999 sentencing hearing. Accordingly, his bond was forfeited and he was sentenced in absentia to a term of seven years' imprisonment.

The Petitioner was subsequently indicted for the offense of violation of bail bond, based on his failure to surrender on the theft conviction. He was sentenced to serve thirty months' imprisonment, to run consecutively to the sentence imposed for theft.

The Respondent alleges that the Petitioner unsuccessfully challenged on direct appeal his conviction for violation of bail bond. He also filed a federal habeas corpus petition challenging that conviction. These challenges were unsuccessful. The Petitioner disputes the assertion that he challenged in federal court the violation of bail bond conviction. He claims those proceedings were related to the Interstate Agreement on Detainers and the

2

Uniform Criminal Extradition Act.

The Respondent alleges that although the Petitioner never perfected an appeal from his theft conviction, he did file several motions in the state appellate court regarding that conviction. Prior to sentencing, the Petitioner filed a motion in the appellate court seeking release from confinement and the appointment of counsel. On November 14, 1997,[2] the Illinois Appellate Court, Second District, entered an order denying that motion on the basis that there was no perfected appeal, and the Petitioner had failed to cite any proper rule under which that court could obtain jurisdiction. On September 30, 2003, the Petitioner filed a motion to file a late notice of appeal with the state appellate court, which was denied on October 21, 2003. The Petitioner disputes the Respondent's assertion that he filed a late notice of appeal as to the theft conviction. He argues that because he was not informed of his right to appeal, the time in which to file a notice of appeal was tolled.

---

[2]The Respondent notes that because the Petitioner was not sentenced until September 30, 1999, his motion filed in the appellate court was filed prior to the final date of his conviction.

3

The Respondent next alleges that notwithstanding the Petitioner's unsuccessful attempts to perfect an appeal, on November 3, 2005, he filed an "opening brief for Defendant-Appellant" from his theft conviction in the state appellate court, wherein he raised the following issues: (1) the State of Illinois violated Petitioner's speedy trial rights; (2) the prosecutor prompted his first witness to inform the jury that Petitioner had been in prison before; (3) the prosecutor tampered with a witness's testimony; (4) the prosecutor presented fictitious invoices; (5) he received ineffective assistance of counsel when counsel neglected to use a peremptory challenge to exclude a juror who had a close association with Petitioner; (6) he received ineffective assistance of counsel when counsel failed to challenge the fictitiously addressed invoices; (7) the trial court erred by not holding an evidentiary hearing to voir dire a juror about his association with the Petitioner; (8) the trial court erred by sentencing him in absentia; (9) the State withheld exculpatory evidence; and (10) the State was guilty of selective prosecution when it decided not to prosecute certain individuals for the same theft for which Petitioner was convicted.

On December 5, 2005, the State filed a motion to dismiss the Petitioner's appeal on the ground that a timely notice of appeal was never filed as required by Illinois Supreme Court Rule 606(b). On December 12, 2005, the Petitioner filed an objection to the Petitioner's motion to dismiss. On December 21, 2005, the Illinois Appellate Court, Second District, granted the State's motion to dismiss for failure to comply with Rule 606(b).

The Petitioner filed a petition for leave to appeal ("PLA") in the Illinois Appellate Court. On May 24, 2006, the Illinois Supreme Court denied the PLA. The Respondent notes that the Petitioner never filed a post-conviction petition challenging his theft conviction. The Petitioner contends that he was denied the right to pursue an appeal.

On June 1, 2006, the Petitioner filed this petition for a writ of habeas corpus challenging his theft conviction. In his section 2254 petition, the Petitioner alleges: (1) his right to a speedy trial was violated; (2) trial counsel was ineffective for not challenging a juror for cause or using a peremptory challenge, and the trial court erred in refusing to conduct

further voir dire of that juror once it became known that he and the Petitioner knew each other; (3) prosecutorial misconduct occurred when the prosecutor elicited testimony that Petitioner had been in jail before; (4) the trial court erred in allowing a State's witness to twice testify; (5) the State withheld certain exculpatory information; (6) trial counsel was ineffective for failing to insure that Petitioner receive a speedy trial; (7) the trial court erred in admitting certain evidence; (8) the trial court improperly sentenced Petitioner in absentia; and (9) the failure of the State to issue an arrest warrant resulted in Petitioner's absence from his trial proceedings.

Pursuant to the Court's Order, the Respondent filed an answer to the petition under section 2254. The Petitioner then filed a motion to strike the Respondent's answer. That motion basically serves as a reply brief to the Respondent's answer.

## II. ANALYSIS

The Respondent contends that the Petitioner's habeas corpus petition is time-barred and should be dismissed with prejudice for that reason. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April

24, 1996, established under 28 U.S.C. § 2244(d)(1) a one-year limitations period for habeas corpus actions under section 2254. Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Respondent asserts that the Petitioner's conviction became final on October 30, 1999, thirty days after he was sentenced in absentia. Although the Petitioner did not appeal from his September 30, 1999, judgment of conviction, he is afforded thirty days from which he could have

7

filed his notice of appeal. ILCS S. Ct. Rule 606(b). Accordingly, the Respondent alleges that the time for the filing of the Petitioner's section 2254 petition began to run on October 30, 1999, when the time for seeking direct review expired. See 28 U.S.C. § 2244(d)(1)(A). The Respondent contends, therefore, that his habeas petition was due on October 30, 2000, and that the instant petition, which was filed on June 1, 2006, is therefore untimely.

The Respondent further alleges that although the Petitioner made some attempts at perfecting a direct appeal from his conviction, including a motion to file a late notice of appeal, the appellate court denied the Petitioner's filings and dismissed his appeal. The Respondent contends that because the Petitioner never properly filed a state appeal, the judgment was final on October 30, 1999, thirty days after he was sentenced, and the time period was not tolled thereafter. See 28 U.S.C. § 2244(d)(1).

As for the Respondent's timeliness argument, the Petitioner argues only that AEDPA did not become effective until April 24, 1996. Because the Petitioner's case began in 1994 when the theft occurred, he argues that

the application of AEDPA "would be barred in this cause by *expost facto*."

The Petitioner's argument is without merit. The fact that the crime occurred before AEDPA was enacted is irrelevant for purposes of the statute of limitations. AEDPA is concerned with when the conviction became final, not with when the criminal act was committed. Even if the Petitioner's conviction had become final prior to April 24, 1996, he still would have been subject to the one-year grace period for timely petitions for review in federal court, and the petition would have been timely only if it was filed by April 24, 1997. See Araujo v. Chandler, 435 F.3d 678, 680 (7th Cir. 2005).

The record shows that the Petitioner attempted to file a couple of late notices of appeal with respect to his theft conviction. However, those attempts were unsuccessful. Pursuant to Illinois Supreme Court Rule 606(b), the Petitioner had until October 30, 1999 to file a notice of appeal. His petition under section 2254 was due one year later. Although requests for extensions of the appeal period are permitted, see Illinois Supreme Court Rule 606(c), this does not serve to continue to toll the statute of limitations period for filing a section 2254 petition. Otherwise, the one-year limitations

period of section 2244(d)(1) would mean nothing because a litigant could always seek to extend this period by seeking leave to file a late notice of appeal in state court.

The Petitioner's section 2254 petition was untimely and there is no basis for equitable tolling. The Court will therefore dismiss his habeas corpus petition. Having concluded that the petition is untimely, the Court need not address the Respondent's alternative argument that the Petitioner has procedurally defaulted all of his claims.[3]

The Court notes that the Petitioner has filed several other motions, some of which pertain to his request to travel between the States of Arizona and Illinois without hindrance from the paroling authorities of those States. This Court is authorized to consider an individual's application for a writ of habeas corpus "pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or

---

[3] It is worth noting, however, that this would also likely be an appropriate basis to dismiss the petition. The Petitioner bases his argument in large part on the trial court's failure to advise him of his appellate rights. However, the Petitioner was not advised of his appellate rights because he did not appear at sentencing. He would have been so advised if he had appeared.

treaties of the United States." 28 U.S.C. § 2254. Issues concerning the terms of an individual's probation or parole are matters for the court which imposed the sentence that he is serving.

<u>Ergo</u>, the Petitioner's petition under 28 U.S.C. § 2254 for a writ of habeas corpus [d/e 1] is DENIED. All other motions are DENIED AS MOOT. This case is closed.

ENTER: December 5, 2006

        FOR THE COURT:

                s/Richard Mills
                United States District Judge