E-FILED
Friday, 22 December, 2006 02:38:02 PM
Clerk, U.S. District Court, ILCD

Daro Weilburg
In Propria Personam
14812 N. Caliente Dr.
Fountain Hills, AZ. 85268

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DARO WEILBURG,                )
                              )
        Petitioner,           )        Case No. 06-3125
                              )
    v.                        )        (Hon. Richard Mills)
                              )
JESSE MONTGOMERY,             )
                              )
        Respondent.           )
                              )

**MOTION FOR AMENDMENT FROM JUDGMENT
OR IN THE ALTERNATIVE
MOTION FOR RELIEF FROM JUDGMENT**

**NOW COMES** the Petitioner, Daro Weilburg, *in propria personam* and hereby respectfully requests this Honorable Court for **Amendment From Judgment** pursuant to **Federal Rules of Civil Procedure, Rule 59(b), (e)**, or in the alternative for **Relief From Judgment** pursuant to **Federal Rules of Civil Procedure, Rule 60(b)** for the reasons more fully set forth below: In support whereof Petitioner states:

1. He is the Petitioner in the above captioned matter and he proceeds *in propria personam*.

2. He filed his Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. Section 2254 on June 1, 2006.

3. The Illinois Attorney General filed their answer

on October 16, 2006.

    4. Petitioner filed three separate Motions. A Motion For Order to Show Cause, A Motion for Summary Judgment, and a Motion to Strike the Respondent's Answer. Respondent failed to File any answer or response to any of the Motions.

    5. This Court ordered the Respondent to file a response to the Motion for Order to Show Cause, however, the Respondent failed to answer the Motion.

    6. On December 5, 2006, this Court held for the Respondent, and denied the Petition For Writ of Habeas Corpus.

## I. ARGUMENT

    7. This court held that because Petitioner failed to File a Notice of Appeal, Pursuant to Illinois Supreme Court Rule 606 (b), 30 days after October 30, 1999, that he was timed barred from now petitioning this Court for Review. This holding is in error. (AEDPA Time limit began on October 27, 2003)

    8. Pursuant to IL. Supreme Court **Rule 606(b)**, **Perfection of Appeal**, which provides:

(b) "**Time.** Except as provided in Rule 604(d), the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the **final judgment** appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the … **A new notice of appeal must be filed within 30 days following the entry of the order disposing of all timely post judgment motions.**" (Emphasis Added)

The final post judgment Motion in Petitioner's case was not

-2-

decided by the Circuit Court until October 27, 2003, when the Circuit Court entertained Petitioner's Motion to Vacate Judgment of Conviction and or sentencing held *in absentia* upon his return to Illinois, thus denying the Motion. **(725 ILCS 5/115-4.1(b)**.

9. Pursuant to IL. Supreme Court **Rule 605(a). Advice to Defendant**, which provides:

**(a) On Judgment and Sentence After Plea of Not Guilty.**

> In all cases in which the defendant is found guilty and sentenced to imprisonment..., **the trial court shall..., advise the defendant of the right to appeal**, of the right to request the clerk to prepare and file a notice of appeal, and of the right, if indigent, to be furnished, without cost to the defendant, with a transcript of the proceedings at the trial or hearing. (Emphasis Added)

Since neither the Petitioner nor Counsel for the Petitioner were present on the Sentencing date of November 19, 1999, that hearing was held unlawfully and was void *ab initio*. Because of the Trial Court's failure to follow **725 ILCS 5/115-4.1(a)** which Provides in pertinent part: "...**The absent defendant must be represented by either appointed or retained counsel...**" IL. Supreme Court **Rule 605(a)** was not provided and IL. Supreme Court **Rule 606(b)** does not apply, until the Petitioner was given his Notice of the Right to Appeal on October 27, 2003.

10. The Time Limitation for the Right to Appeal in Petitioner's case began running on October 27, 2003, after his

-3-

**725 ILCS 5/115-4.1(e)** Motion to Vacate Judgment of Conviction and or Sentence was ruled upon by the trial Court.

    11.  Petitioner had the IL. Statutory and the U.S. Constitutional Right to appeal from the adverse decision of the Trial Court to deny his Section 115-4.1(e) Motion. **725 ILCS 115-4.1(g), Absence of defendant** (from Ch. 38, par. 115-4.1)

  **(g) "A defendant whose motion under paragraph (e) for a new trial or new sentencing hearing has been denied may file a notice of appeal therefrom. Such notice may also include a request for review of the judgment and sentence not vacated by the trial court."** (Source: P.A. 90-787, eff. 8-14-98.)

Petitioner had the right to appeal and the Appellate Courts denied him the right to appeal.  **725 ILCS 5/115-4.1(a)** provides that:

 **"... All procedural rights guaranteed by the United States Constitution, Constitution of the State of Illinois, statutes of the State of Illinois, and rules of court shall apply to the proceedings the same as if the defendant were present in court and had not either forfeited his bail bond or escaped from custody..."**

    12.  The Sentencing Court held that Petitioner was not entitled to representation for either the Bond Forfeiture hearing held on 18 November 1999, *in absentia*, or the Sentencing hearing held on 19 November 1999, *in absentia*.  The Sentencing Court did not apply the Statutory Right to have counsel to represent the Petitioner, nor did the Appellate Courts apply Petitioner's right to appeal pursuant to law. (Equal Protection of the Law violation) (Due Process violation).

## II. ARGUMENT

13.     The Background part of this Court's Opinion is in error regarding what occurred on September 30, 2003. This Court held that Petitioner filed a 'Late Notice of Appeal' but, in actuality, Petitioner filed his Notice of Appeal pursuant to **725 ILCS 5/115-4.1(g)** of the trial Court's denial of his Motion to Vacate Judgment and conviction and or sentence pursuant to **725 ILCS 5/115-4.1(e)**. The State Appellate Court did not deny the Appeal, that Court Dismissed the Appeal on Dec. 21, 2005. More importantly, Petitioner was not sentenced on September 30, 1999, he was sentenced on 19 November 1999.

14.     Petitioner did not argue that the Trial Court erred when it sentenced him *in absentia*. Petitioner argues that the Trial Court erred when it sentenced him without counsel to represent him *in absentia*.

15.     Petitioner did not argue that the State's failure to obtain an arrest warrant resulted in his absence from his trial proceedings. Petitioner argued that he did appear by filing a Motion/pleading with the Court prior to sentencing on September 30, 1999. Petitioner argued that had the State obtained an arrest warrant, had the Clerk of the Court sent him the notifications of the hearings held on 18 and 19 November 1999, he would not have left the State. Because of the State's failure to respond to his September 30, 1999 Motion, he assumed the State agreed with his Motion and the Court had vacated the

-5-

judgment and conviction. Petitioner left the State (8) months after September 30, 1999, in May of 2000. Petitioner did not receive any notices from the Court. **725 ILCS 5/115-4.1(a)** provides that:

> "...When such trial date is set the clerk **shall** send to the defendant, by certified mail at his last known address indicated on his bond slip, notice of the new date which has been set for trial. Such notification shall be required when the defendant was not personally present in open court at the time when the case was set for trial..."

The Clerk of the Court did not send any notices to Petitioner at his last known address. Which he provided to the Court and the State on June 11, 1999.

16.   The Petitioner desired Counsel to represent him for sentencing and related same to the Court; Petitioner filed a pleading with the Court on September 30, 1999; The Trial Court held a Forfeiture of Bail Bond hearing on November 18, 1999, *in absentia*, and without counsel to represent Petitioner; The Trial Court then proceeded to sentence Petitioner on 19 November 1999, again, *in absentia* and without counsel to represent him.

**CONCLUSION**

Because the Trial Court failed to follow Statutory and Constitutional Law, of both State and Federal Rules regarding the representation of the Petitioner for the Forfeiture of Bail Bond Hearing held on 18 November 1999, that hearing is void *ab initio*. Because the Trial Court failed to follow Statutory and

Constitutional Laws regarding representation of Petitioner for the sentencing hearing held on 19 November 1999, that hearing was likewise, void *ab initio*. No Court may try or sentence any Defendant without Counsel. Even an absent Defendant retains all the procedural rights afforded him by the Constitution of the United States and the Statutes of Illinois.

This Court cannot sit idly by while the State of Illinois runs amok of the 6th. Amendment of the U.S. Constitution regarding representation during criminal proceedings. Especially when Illinois' own Statutes forbid either trying or sentencing an absent Defendant without counsel.

The AEDPA began to run when the Trial Court Denied Petitioner's Motion to vacate judgment and Conviction and or Sentencing on October 27, 2003. That is the date the Conviction became final according to **725 ILCS 5/115-4.1(a)(e)(g);** that is the date that Petitioner was provided the Illinois Supreme Court **Rule 605** Advising him of his right to Appeal and, the Illinois Supreme Court **Rule 606(b)** provision of 30 days began to run on October 27, 2003. Petitioner timely filed his appeal.

No conviction can be final if the State fails to follow Constitutional provisions during criminal proceedings, especially, the provision of the right to have effective counsel to represent the defendant at every critical stage.

With this Court's standing opinion, because the Petitioner was absent, he has no constitutional right to

counsel; he has no right to a fair trial; no right to appeal, and, no right to *habeas corpus* relief. Had the State of Illinois adhered to its own Statutes, all the Judge had to do was say: "Mr./Ms. Public Defender, you now represent this Defendant for the purpose of these proceedings!" That's what the Law says the Judge should have done. That's not what the Judge did, he merely forfeited Petitioner's Bond one day and sentenced Petitioner the next day without counsel. And, the United States Supreme Court says that is not allowed. The United States Constitution likewise says no State Court can hold criminal proceedings without counsel to assist.

**WHEREFORE**, based on the premise that the State of Illinois unlawfully held a bond forfeiture hearing in this matter on 18 November 1999, and, an unlawful sentencing hearing on 19 November 1999, those hearings must be ruled void *ab initio* by this forum. As a matter of law Petitioner is entitled to the relief he seeks, a reversal of this Court's opinion as it is mistaken. No Advice of the right to appeal was provided pursuant to Illinois Supreme Court Rule 605, and the Appeal Time Limitations Rule 606(b)did not begin to run until that Advice was provided either to the Petitioner or his Counsel.

Since the Advice to Appeal (Rule 605) was given on 27 October 2003, and Petitioner sought the remedies on the State level, having exhausted those remedies and by appealing to the Highest State Court, he is well within the Time Limits

-8-

of the AEDPA to bring this action of *habeas corpus*. Petitioner respectfully requests this Honorable Court to Amend Judgment in this matter or in the alternative, Grant Petitioner Relief From Judgment and give Petitioner his day in Court to argue these issues with appropriate citations.

                          Dated this 11th day of December, 2006

By: _____Daro Weilburg_____
DARO WEILBURG
*In Propria Personam*
14812 N. Caliente Dr.
Fountain Hills, AZ. 85268
Phone: (480)816-0983

Daro Weilburg
In Propria Personam
14812 N. Caliente Dr.
Fountain Hills, AZ. 85268

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARO WEILBURG,** )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>**JESSE MONTGOMERY, et al.,** )<br>)<br>Respondent. )<br>) | Case No. <u>06-3125</u><br><br>(Hon. Richard Mills) |

**PROOF OF SERVICE**

I hereby swear under penalty of perjury that I mailed The Original and one True copy of the foregoing Document on 12 December 2006 to:

      Clerk of the U.S. District Court
          151 U.S. Courthouse
        600 East Monroe Street
        Springfield, IL. 62701

And one True Copy to:

        Ms. Colleen M. Griffin
        100 W. Randolph Street
           12th Floor
          Chicago, IL. 60104

                                            By _/s/ Daro Weilburg_
                                                Daro Weilburg
                                                14812 N. Caliente Dr.
                                                Fountain Hills, AZ.
                                                85268