E-FILED
Wednesday, 14 February, 2007 12:53:31 PM
Clerk, U.S. District Court, ILCD

Daro Weilburg
*In Propria Personam*
14812 N. Caliente Dr.
Fountain Hills, AZ 85268

FILED
FEB 0 8 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

File No. <u>06-cv-03125</u>

| | |
|---|---|
| **DARO WEILBURG,** | )<br>) |
| Petitioner-Appellant, | )<br>) |
| -vs- | ) Docketing Statement<br>)<br>) |
| **JESSE MONTGOMERY,** | )<br>) |
| Respondent-Appellee. | )<br>) |

    **NOW COMES** the Petitioner-Appellant, DARO WEILBURG, *in pro per* and hereby submits the Docketing Statement pursuant to Federal Rules of Appellate Procedure Rule 12(a) as follows:

Petitioner-Appellant's address:

    Daro Weilburg
    14812 N. Caliente Dr.
    Fountain Hills, AZ 85268

Respondent-Appellee's Counsel's address:

    Ms. Katherine D. Saunders
    Assistant Attorney General
    100 W. Randolph St., 12th Floor
    Chicago, IL 60601

### ISSUES RAISED ON APPEAL

1. Whether Petitioner was provided a speedy trial;

2. Whether Counsel was ineffective for not procuring a speedy trial;

3.  Whether Petitioner was prejudiced at his jury trial due to his close association (working with) a member of the Jury, John Murray;

4.  Whether Petitioner received effective assistance of trial counsel due to counsel's knowledge that Petitioner knew and worked with the Juror and that counsel failed to pre-empt the Juror;

5.  Whether the Prosecutor intentionally prompted witness Jesinia Negron to inform the Jury that Petitioner had been previously in prison on an unrelated charge;

6.  Whether the Trial Court erred in not declaring a mistrial for Witness Negron's informing the Jury that Petitioner had previously been in prison;

7.  Whether the trial Court erred in allowing Witness Lonnie Cochran to change his testimony after spending the evening with the Prosecutor.

8.  Whether the State of Illinois withheld exculpatory evidence that another suspect existed.

9.  Whether the Trial Court erred by holding the Bond Forfeiture Hearing on 18 November, 1999, without counsel to represent the Petitioner, *in absentia* (725 ILCS 5/115-4.1(a) );

10. Whether the Trial Court erred when it sentenced Petitioner on 19 November, 1999 *in absentia*, and without counsel to represent the Petitioner (725 ILCS 5/115-4.1(e) );

11. Whether the Illinois Appellate Courts unconstitutionally denied the

the Petitioner the right to appeal (725 ILCS 5/115-4.1(g) )

13. Whether the U.S. District Court erred when applying the time limit of the Antiterrorism and Effective Death Penalty Act (AEDPA) on 30 October 1999, instead of the correct date of 27 October 2004, after Petitioner's final Post-Trial Motion (725 ILCS 5/115-4.1(e) ) was heard in the Trial Court;

14. Whether the Trial Court Properly gave Petitioner his Notice of Appeal Rights pursuant to Illinois Supreme Court Rule 605;

15. Whether the Bond Forfeiture Hearing held on 18 November 1999 and the Sentencing Hearing held on 19 November 1999 were *void ab initio* due to the Trial Court's refusal to follow 725 ILCS 5/115-4.1 (a).

The Petitioner may raise additional issues not juxtaposed within this Docketing Statement.

/s/ Daro Weilburg
Daro Weilburg
*In Propria Personam*

-3-